```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
```
_____

CARLOS MORINVILLE,

                          Plaintiff,                    9:24-CV-0426
                                                            (BKS/ML)
        v.

T. DUKES, et al.,

                          Defendants.
_____

APPEARANCES:                                               OF COUNSEL:

CARLOS MORINVILLE
Plaintiff, pro se
22-A-0163
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

BRENDA K. SANNES
Chief United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

On March 27, 2024, pro se plaintiff Carlos Morinville ("plaintiff") commenced this action by submitting a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 22 ("IFP Application"). The complaint contained Eighth Amendment claims related to plaintiff's confinement at Upstate Correctional Facility ("Upstate C.F."). *See generally* Compl.

By Decision and Order filed on September 24, 2024 (the "September 2024 Order"), this Court granted plaintiff's IFP Application and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Dkt. No. 25. The

Court dismissed plaintiff's Eighth Amendment claims against defendants Correctional Officers B. Taylor ("Taylor"), J. Valdez ("Valdez"), and B. Delaney ("Delaney") for failure to plead personal involvement. *Id*. at 9-10. The Court also dismissed plaintiff's Eighth Amendment failure-to-protect claims against defendant Correctional Officer T. Dukes ("Dukes") for failure to state a claim. *Id*. at 11. In light of his pro se status, plaintiff was afforded an opportunity to amend his complaint. *Id.*

On January 24, 2025, plaintiff filed an amended complaint. Dkt. No. 31 ("Am. Compl.").

## II.   SUFFICIENCY OF AMENDED COMPLAINT

### A.  Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A was discussed at length in the September 2024 Order and will not be restated in this Decision and Order. *See* Dkt. No. 25 at 2-4.

### B.  Summary of Amended Complaint

With the amended complaint, plaintiff identifies two additional defendants: Office of Mental Health ("OMH") Psychiatrist Sara B. Poisson ("Poisson") and Correctional Officer K. Wate ("Wate"). *See generally* Am. Compl.

On February 19, 2024, at approximately 9:30 a.m., Poisson "cleared" plaintiff from the Observation Mental Health Unit ("OBS"). Am. Compl. at 6. Poisson instructed Taylor, Valdez, Delaney, and Wate to take plaintiff to the "same cell with [his] bunkie whom [he] clearly stated that [he] had issues with." *Id.* Plaintiff told defendants he did not feel safe in

2

the cell "due to threats from [his] bunkie." *Id.* Defendants threatened plaintiff "with force" if he did not return to his cell. *Id.* at 7.

When plaintiff arrived at the cell, he had "another dispute" with his "bunkie." Am. Compl. at 6. Plaintiff returned to the OBS. *Id.*

On February 20, 2024, Poisson cleared plaintiff for "a second time." Am. Compl. at 7. Taylor, Valdez, Delaney, and Wate moved plaintiff to 11-B1-11 (bottom cell). *Id.* Plaintiff was "threatened to be solicited for sex by being drugged by my bunkie." *Id.* Plaintiff returned to the OBS and was cleared "right away" by Poisson. *Id.* Poisson directed Taylor, Valdez, Delaney, and Wate to return plaintiff to the same cell. *Id.* When plaintiff arrived at the cell, he "got physical" with his cell mate and "got hurt in the process." Am. Compl. Plaintiff reported the "sexual assault" and was treated at an outside hospital. *Id.* at 9.

Construing the amended complaint liberally[1], plaintiff alleges the following: (1) Eighth Amendment failure-to-protect claims; and (2) Eighth Amendment deliberate medical indifference claims. *See* Am. Compl. at 9. Plaintiff seeks compensatory damages. *See id.* at 11. For a complete statement of plaintiff's claims and the facts he relies on in support of those claims, reference is made to the amended complaint.

### C. Analysis

#### 1. Eighth Amendment Failure-to-Protect Claims

---

[1] The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

The Court set forth the law related to Eighth Amendment failure to protect claims in the September 2024 Order, and will not restate it herein. *See* Dkt. No. 25 at 10-11.

At this juncture, the Court finds that the amended complaint contains allegations sufficient to support Eighth Amendment failure-to-protect claims against Poisson, Taylor, Valdez, Delaney, and Wate. In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed motion to dismiss or for summary judgment

### 2. Eighth Amendment – Deliberate Medical Indifference

The Eighth Amendment mandates that prison officials provide adequate medical care to inmates. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). "An Eighth Amendment claim arising out of inadequate medical care requires a demonstration of deliberate indifference to a prisoner's serious medical needs." *Id*. (internal quotation marks omitted). A deliberate medical indifference claim has objective and subjective components. *Id.* "Objectively, the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted). As the Second Circuit reiterated, "[d]epending on their severity, psychiatric or psychological conditions can present serious medical needs in light of our contemporary standards." *Charles v. Orange County*, 925 F.3d 73, 86 (2d Cir. 2019). As to the subjective element, an official acts with deliberate indifference when he knows of and disregards an excessive risk to inmate health or safety. *See Hill*, 657 F.3d at 122 (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Here, even assuming plaintiff's medical condition satisfied the objective prong of the Eighth Amendment analysis, plaintiff's deliberate medical indifference claims are subject to dismissal because the facts do not suggest that Poisson was deliberately indifferent to

4

plaintiff's needs. The complaint lacks any facts related to plaintiff's interaction(s), conversations, or treatment with Poisson. While plaintiff makes broad statements about Poisson "clearing" him for release from OBS, decisions of this nature "made by mental health professionals are issues within a professional medical judgment which does not form a basis for an Eighth Amendment claim." *See Robinson v. Taylor*, No. 9:16-CV-285 (DJS), 2019 WL 1429529, at *7 (N.D.N.Y. Mar. 29, 2019) (internal quotation marks omitted) (dismissing deliberate indifference claims based upon the plaintiff's suicide attempt after the defendants who released the plaintiff from the OBS); *see also Randolph v. Kalies*, No. 9:19-CV-1161 (DNH/TWD), 2021 WL 5605557, at *10 (N.D.N.Y. Nov. 10, 2021) (dismissing claim that the defendants were deliberately indifferent when they "misjudged the plaintiff's psychological instability"), *report and recommendation adopted,* 2021 WL 5596409 (N.D.N.Y. Nov. 30, 2021).

Accordingly, plaintiff's deliberate medical indifference claims are dismissed.

## III.     CONCLUSION

**WHEREFORE, it is hereby**

**ORDERED** that the amended complaint (Dkt. No. 31) is **ACCEPTED** for filing and is the operative pleading in this action; and it is further

**ORDERED** that the Clerk of the Court shall add the following individuals to the Docket Report as defendants: Poisson and Wate; and it is further

**ORDERED** that the Eighth Amendment failure-to-protect claims survive review and require a response; and it is further

**ORDERED** that the remaining claims in the amended complaint are **DISMISSED** without leave to replead; and it is further

5

**ORDERED** that, upon receipt of the documents for services, the Clerk shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon the defendants.  The Clerk shall forward a copy of the summons and amended complaint to the Office of the Attorney General, together with a copy of this Decision and Order, by electronic mail only; and it is further

**ORDERED** that a response to the amended complaint be filed by the defendants, or counsel, as provided for in the Federal Rules of Civil Procedure;

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of his action**; and it is further

**ORDERED** that the Clerk provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

Dated: February 27, 2025

Brenda K. Sannes
Chief U.S. District Judge